UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
MASSACHUSETTS

| | |
|---|---|
| THIAGO BARBOSA COSTA ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> TODD M. LYONS, United States ) <br> Immigration and Customs Enforcement ) <br> Director for Detention and Removal, Boston; ) <br> U.S. Department of Homeland Security; and ) <br> JASON STREEVAL, Warden of Adams ) <br> County Correctional Facility, Natchez, MS ) <br> ) <br> Respondents ) <br> ) | Case Number 25-11732 <br><br> No. A220648938 |

## PETITION FOR WRIT OF HABEAS CORPUS

Now Comes Petitioner Thiago Barbosa Costa who is respectfully requesting this honorable Federal Court's relief to remedy his unlawful detention by U.S. Immigration and Customs Enforcement Agents (USICE). Respondents are detaining Mr. Costa pending the execution of his final removal order. Mr. Costa has fully cooperated and complied with Respondents every request and condition and has been on a Global Positioning Signal (GPS) tracking device supervision for the last two years. Mr. Costa is not a flight risk or a danger to the community. We provide the Court with several community support and character reference letters offered by the people of Holliston, Massachusetts, among others. Prior to his detention, he was reporting with the U.S. Immigration and Customs Enforcement and had committed no crimes in the United States, or his native country of Brazil. His detention is not justified under the Constitution or the Immigration and Nationality Act (INA).

1

## HISTORY

On or about June 3, 2025, Thiago Costa reported to an ISAP check-in in Framingham, MA. Prior to that date, he had reported to every check in whether by phone or in person. He had a scheduled date for the June check-in on June 17 but was notified by telephone and told to report on June 3. On that date, Respondents (USICE) placed him in custody and transported him from Boston, Massachusetts to the Adams County Correctional Facility located in Natchez, Mississippi. Mr. Costa 's detention was for the purpose of executing his removal order. The USICE agent told the petitioner's attorney that Petitioner's T-Nonimmigrant Visa application had been "denied" in January of 2025. He refused to show the attorney any conclusive or supporting documents, and the attorney's office was never notified in any way that the T-Nonimmigrant visa application had been reviewed or denied by USCIS. There were no documents ever received regarding Thiago Costa. Documents were received stating that Mr. Costa's family members were not "bona fide" and that further exploration would be done to determine their eligibility, however at no time were any denials or ineligibility notices put forth to the attorney regarding Thiago Costa. Additionally, there were no online notifications on any website or data portal used to track such matters. Phone calls to the USCIS resulted in the attorney's office being told that the application was still pending. Our contention is that this USICE agent at that ISAP check-in determined that he should be detained for the reason that the application was denied, however there is considerable conflicting information in that regard. There is no validation that Thiago Costa's T-Nonimmigrant visa was denied, and therefore, it is the petitioner's position that he was detained by USICE under false pretenses and he should be given the opportunity to remain in the United States while his T-Visa application is reviewed.

Petitioner respectfully asks that the Court take note that in February 2025, Thiago Costa had an in-person check in with ISAP whereby they confirmed his phone number, his wife's phone

number and address. In March of 2025, USICE agent Jacqueline Polanco called Thiago for an ISAP check-in and asked him specifically "Do you know the status of your T-Visa case?" On April 22, 2025, a USICE / ISAP representative called Thiago Costa for his check-in. The agents confirmed address and phone numbers and scheduled an in-person check-in for June 17. On May 25, ISAP again called and confirmed his address and phone number. It should be noted that Thiago Costa wore a GPS bracelet on his ankle for approximately *three years*, thereby giving USICE the ability to see his exact location at any moment. Additionally, it should be noted that Thiago Costa never had any violations regarding the GPS or any compliance therewith. Presumably, the USICE agency would have known already in February, March, April or May of 2025 if Thiago Costa's T-Visa application was already denied, if the denial occurred in January, like they stated to the attorney, but those dates came and went and USICE never spoke of any denial at all, until the day he appeared for his visit in full compliance and they took him into custody.

    We respectfully ask this honorable Court to please consider that Mr. Costa initially entered the United States and applied for Asylum, which was denied. After a full review of the complete facts and circumstances surrounding Mr. Costa's Asylum case, it was determined that he was a victim of ineffective assistance of counsel. Simply put, the most pertinent facts and evidence were never gleaned and presented to the Court during the initial Asylum application process. After the denial, another attorney's office missed the mandatory appeal filing deadline, and the appeal was summarily denied. Mr. Costa 's valid Asylum case was denied and it is our position that had it been presented to the Court correctly initially, that the Court would have granted his T-nonimmigrant visa application.

Mr. Thiago Costa has fully cooperated with Respondents' requests to complete the necessary paperwork to secure his travel documents in December of 2023. Mr. Costa then retained new counsel and filed a meritorious T-Visa application. Respondents, however, used false pretenses to remove Mr. Costa. Mr. Costa respectfully submits that his detention is in violation of rights under the Immigration and Nationality act. His prolonged detention is no longer justified under the Constitution or the Immigration and Nationality Act (INA). Petitioner seeks an order from this Court declaring his continued detention unlawful and ordering Respondents to bring him before this honorable Court and release him from their custody.

## CUSTODY

1.      Mr. Costa is in the physical custody of Respondent Director for Detention and Removal, U.S. Immigration and Customs Enforcement (USICE), the Department of Homeland Security (DHS), and Respondent Jason Streeval, Warden of the Adams County Correctional Detention Complex located at 20 Hobo Fork Road, Natchez, Mississippi. At the time of the filing of this petition, Petitioner is detained at Adams County Correctional Detention Complex located at 20 Hobo Fork Road, Natchez, Mississippi. This facility contracts with the DHS to detain aliens such as the Petitioner. Mr. Costa is under the direct control of Respondents and their agents.

## JURISDICTION

2.      This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et. seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 1570. This Court has jurisdiction under 28 U.S.C. 2241, art. I, § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C. § 1331, as Petitioner is presently in custody under color of authority of the United States and such custody is in violation of the U.S. Constitution, laws, or treaties of the United States. This Court may grant relief pursuant to 28

U.S.C. § 2241, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

3. Venue lies in the United States District Court for the District of Massachusetts, the judicial district of Massachusetts in which the petitioner resides and was being supervised by USICE Respondent, Todd M. Lyons, 28 U.S.C. § 1391(e).

## PARTIES

4. Petitioner Thiago Costa is a national and citizen of Brazil who was placed in removal proceedings after his initial Asylum application was denied due to improper preparation by a prior attorney. He was detained pursuant to 8 U.S.C. § 1231, which permits the DHS to detain aliens, such as Petitioner, pending the execution of the alien's removal order.

5. Respondent Todd M. Lyons is the Field Office Director for Detention and Removal, USICE, DHS, Boston, Massachusetts office. Respondent is a custodial official acting within the boundaries of the judicial district of the United States Court for the District of Massachusetts. Pursuant to Respondent Lyons orders, Petitioner remains detained.

6. Respondent Jason Streeval is the warden of the Adams County Correctional facility in Natchez, Mississippi. He is Petitioner's immediate custodian and resides in the judicial district of the United States Court for the District of Mississippi.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Mr. Costa has exhausted his administrative remedies to the extent required by law.

8. He has fully cooperated with Respondents and has not delayed or obstructed his detention.
9. Mr. Costa 's only remedy is by way of this judicial action.

## STATEMENT OF FACTS

10. Petitioner Costa is a national and citizen of Brazil who entered the United States and applied for Asylum, which was denied. He retained a second attorney, who missed the appeal

filing date resulting in his order of deportation.

11. After being ordered removed, Mr. Costa applied for a T-nonimmigrant visa, a special visa under the Immigration and Nationality Act for victims of certain crimes. Pending adjudication of his application, the Department of Homeland Security (DHS) allowed Mr. Costa to report to ISAP in Framingham Massachusetts, and he did so without any problems.

12. On or about June 3, 2025, Respondent Lyons and his USICE agents arrested Mr. Costa at his ISAP check in in Framingham, MA  The reason for his arrest was to execute his removal order.

13. Respondents told Mr. Costa that his pending T-nonimmigrant visa application was denied in January of 2025 however neither he, nor his attorney was ever notified of that until USICE agents notified him months later.

14. Mr. Costa has fully cooperated with Respondents' efforts to obtain his travel Documents in the past when ordered to do so, including expensive airline tickets that were not able to be refunded.

15. Respondents have reviewed Mr. Costa 's custody status and have determined that he should be detained because his removal is likely.

16. Mr. Costa has now been in detention for more than ten (10) days pending his removal. Respondents continue to detain Mr. Costa even though it is believed that Respondents used false pretenses to detain Mr. Costa.

17. Mr. Costa is not a danger to the community or a flight risk. He has no pending criminal cases, and has no criminal activity ever in his life, whether in the U.S., or Brazil.

18. Mr. Costa has deep roots in his community. He has two young children, one with a disorder similar to autism, and a wife who needs his attention and presence in the home.

19. Prior to his arrest, Mr. Costa was working, paying his taxes, and providing for his family. His continued detention deprives his family of his companionship and income.

20. Respondents' decision to detain Mr. Costa is not legally justifiable and is capricious and arbitrary. There is no better time for the Court to consider the merits of Mr. Costa's request for release.

21. The Petitioner has tremendous support from his community.

22. His detainer has placed his family in a state of tremendous hardship.

## CLAIMS FOR RELIEF

### COUNT ONE
### CONSTITUTIONAL CLAIM

23. Petitioner alleges and incorporates by reference paragraphs 1 through 22 above.

24. Petitioners' detention violates his right to substantive and procedural due process guaranteed by the Fifth Amendment to the U.S. Constitution.

### COUNT TWO
### STATUTORY CLAIM

25. 25. The Petitioner alleges and incorporates by reference paragraphs 1 through 24 above.

26. Petitioner's continued detention violates the Immigration and Nationality Act and the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1. Assume jurisdiction over this matter;

2. Issue an order directing Respondents to show cause why the writ should not be granted;

3. Issue a writ of habeas corpus ordering Respondents to release Mr. Costa on his own recognizance or under parole, a low bond or reasonable conditions of supervision

show;

4. Grant any other relief which this Court deems just and proper.

                          Respectfully submitted,

                          */s/ Andrew P. Smollett*
                          Andrew P. Smollett, Esq. BBO#695682
                          ANDREW P. SMOLLETT LEGAL ASSOCIATES, LLC
                          28 South Street
                          Suite 6-8
                          Hingham, MA 02043
                          Phone: (617) 580-6916
                          Fax: (781) 875-1280
                          andy@andrewsmollettlegal.com
                          andrewsmollett@comcast.net

## VERIFICATION OF COUNSEL

    I, Andrew P. Smollett, hereby certify that I am familiar with the case of the named petitioner, Thiago Barbosa Costa and that the facts as stated above are true and correct to the best of my knowledge and belief.

*[signature]*
Andrew P. Smollett

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Thiago Barbosa Costa

**DEFENDANTS**
TODD M. LYONS, United States Immigration and Customs Enforcement Director for Detention and Removal, Boston;

**(b)** County of Residence of First Listed Plaintiff: United States
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: United States
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Andrew P. Smollett Legal Associates, LLC
28 South Street, Ste. 6, Hingham, MA 02043 (617) 580-6916

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [x] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander |  | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / 368 Asbestos Personal Injury Product Liability |  | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine |  | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability / **PERSONAL PROPERTY** |  | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / 370 Other Fraud | **LABOR** | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 371 Truth in Lending | 710 Fair Labor Standards Act |  | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 380 Other Personal Property Damage | 720 Labor Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability |  | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable Sat TV |
| 196 Franchise | 362 Personal Injury - Medical Malpractice / 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities Commodities Exchange |
|  |  | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** |  | 865 RSI (405(g)) | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 510 Motions to Vacate Sentence |  | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 530 General |  | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment / 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property |  | 462 Naturalization Application |  | 950 Constitutionality of State Statutes |
|  | **Other:** / 446 Amer. w/Disabilities - Other / 540 Mandamus & Other | [x] 465 Other Immigration Actions |  |  |
|  | 448 Education / 550 Civil Rights |  |  |  |
|  | 555 Prison Condition |  |  |  |
|  | 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 2241

Brief description of cause:
Petitioner detained for Immigration Removal

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: June 12, 2025

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____