UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **THIAGO BARBOSA COSTA,**  )<br>)<br>Petitioner  )<br>)<br>v.  )<br>)<br>**TODD M. LYONS, et al.,**  )<br>)<br>Respondents.  )<br>) | Civil Action No. 25-cv-11732-DJC |

## ORDER OF TRANSFER

**CASPER, J.**                                                                                        June 17, 2025

    Petitioner Thiago Barbosa Costa ("Costa") has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition") in which he alleges that is being unlawfully detained by Immigration and Customs Enforcement ("ICE"). D. 1. Costa represents that ICE wrongfully took him into custody on June 3, 2025 during a check-in appointment with an ICE agent in Framingham, Massachusetts. Id. at 2. According to Costa, he was then transported to the Adams County Correctional Facility in Natchez, Mississippi ("ACCF"), id., where, even as alleged, he was located at the time he filed the Petition and remains confined, id. at 4 ¶ 1. Costa contends that, although he has been ordered removed, his detention is unlawful because his T-Nonimmigrant Visa application is pending. Id. at 2-3.

    The Court lacks habeas jurisdiction over this action because Costa was not within the territorial jurisdiction of this Court when he filed the Petition. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)). Accordingly, in the usual case, "in challenges to present physical confinement . . . the immediate custodian, not a supervisory official who exercises legal

1

control, is the proper respondent." Id. at 439. In such cases, "[b]y definition, the immediate custodian and the prisoner reside in the same [judicial] district," making "the district of confinement . . . synonymous with the district court that has territorial jurisdiction over the proper respondent." Id. at 444. Thus, "the general rule [is] that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443.

Here, Costa challenges his present physical confinement at ACCF, which is located within the Southern District of Mississippi. Costa identifies ACCF warden Jason Streeval as his immediate custodian and has named him as a respondent. D. 1 at 5 ¶ 6. Because Costa was not in the District of Massachusetts at the time he filed the Petition and there is no basis for a departure from the immediate custodian rule, cf. Ozturk v. Trump, C.A. No. 25-cv-10695-DJC, 2025 WL 1009445, at *5-*8 (D. Mass. Apr. 4, 2025) (discussing exceptions to the immediate custodian rule), the Court is without jurisdiction over the Petition.

Therefore, the Court orders that this action be TRANSFERRED to the United States District Court for the Southern District of Mississippi. 28 U.S.C. § 1631 (providing that where the "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court . . . in which the action . . . could have been brought at the time it was filed").

**So Ordered.**

/s Denise J. Casper
United States District Judge