**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**THIAGO BARBOSA COSTA**                                              **PETITIONER**

**V.**                                                        **CIVIL ACTION NO. 5:25CV60 DCB-LGI**

**TODD M. LYONS, UNITED STATES and
CUSTOM ENFORCMENT DIRECTOR for
DENTENTION AND REMOVAL, et al**                              **DEFENDANT**

**ORDER TO SHOW CAUSE**

This cause is before the Court upon a review of the docket.  Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Massachusetts on June 17, 2025, alleging that he is being unlawfully detained by Immigration and Customs Enforcement.  United States Magistrate Judge Denise J. Casper entered an Order transferring the case to this Court on June 17, 2025.  At the time of filing, Petitioner was represented by his counsel of record Andrew Smollett of Hingham, Massachusetts, a non-resident attorney.

On June 17, 2025, the clerk of this Court sent a letter to counsel advising that he had 30 days to comply with the pro hac vice admission process in accordance with Rule 83.1(d) of the Local Rules for the United States District Courts for the Northern and Southern District of Mississippi or file a conventional motion to withdraw as counsel of record.  A second letter was sent on July 18, 2025, when counsel failed to comply.  It has now been more than 60 days and counsel has not sought pro hac admission, nor filed a motion to withdraw.

IT IS, THEREFORE, ORDERED that on or on before September 8, 2025, counsel must file a response showing good cause for his failure to comply.  Alternatively, Attorney Smollett is granted until September 5, 2025, to either file a conventional motion to withdraw or seek pro hac vice admission.  Should counsel elect the latter, he is directed to Rule 83.1(d)(5) of the Uniform Local Rules for guidance on fee waiver and representing clients in a habeas corpus proceeding.  If counsel chooses to file a conventional motion to withdraw, he is responsible for notifying his client of same.

IT IS FURTHER ORDERED that on or before September 8, 2025, regardless of whether counsel elects to withdraw or move for pro hac admission, he must provide an update, in writing, on Petitioner's custodial status.

SO ORDERED on August 28, 2025.

_s/ LaKeysha Greer Isaac_
UNITED STATES MAGISTRATE JUDGE
