IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**THIAGO BARBOSA COSTA**                                                                      **PETITIONER**

V.                                                                      CIVIL ACTION NO. 5:25cv60 DCB-LGI

**TODD M. LYONS, UNITED STATES and
CUSTOM ENFORCMENT DIRECTOR for
DENTENTION AND REMOVAL, et al**                                          **RESPONDENTS**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

      This cause is before the Court upon a review of the docket in this case. Petitioner, a native of Brazil, filed a 28 U.S.C. § 2241 petition in the United States District Court for the District of Massachusetts on June 17, 2025, alleging that he was being unlawfully detained by ICE pending the execution of his final removal order. At the time of filing, Petitioner had already been transported to the Adams County Correctional Facility in Natchez, Mississippi. Accordingly, United States Magistrate Judge Denise J. Casper entered an Order transferring this case to this Court on June 17, 2025. Petitioner's counsel of record, Andrew Smollett of Hingham, Massachusetts, is a non-resident attorney.

      On June 17, 2025, the clerk of this Court sent a letter to counsel advising that he had 30 days to comply with the pro hac vice admission process in accordance with Rule 83.1(d) of the Local Rules for the United States District Courts for the Northern and Southern District of Mississippi or file a conventional motion to withdraw as counsel of record. A second letter was sent on July 18, 2025, when counsel failed to comply.

On August 28, 2025, the Court issued an Order to Show Cause directing the non-resident attorney to show good cause for his failure to comply. Alternatively, the non-resident attorney was granted until September 5, 2025, to either file a conventional motion to withdraw or seek pro hac vice admission. Counsel was also directed to provide a written update on Petitioner's custodial status on or before September 8, 2025. Counsel has not filed a written response, and the time to do so has now expired.

To achieve the orderly and expeditious disposition of cases, the Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties. The Court has the inherent authority to dismiss an action for failure to comply with any order of the court and for failure to prosecute under Fed. R. Civ. P. 41(b). *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Such a sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, 370 U.S. at 630.

More than 90 days have passed since this case was filed and transferred to this district. Yet, there has been no appearance by a resident attorney, nor has the Petitioner elected to proceed pro se.[1] This case has stalled on the docket as a result.

---

[1] The undersigned takes judicial notice that ICE maintains an Online Detainee Locator System which allows the public to locate a detainee who is currently in ICE custody. *See* https://locator.ice.gov/odls/#/search. The ICE Detainee Locator returned no results for Petitioner as of the date of this opinion, suggesting his removal may have already occurred. Searches of the websites for the Bureau of Prisons and the Mississippi Department of Corrections yielded the same results. *See* https://www.mdoc.ms.gov; https://www.bop.gov.

For these reasons, the undersigned recommends that the petition be dismissed without prejudice for failure to comply with court orders and for failure to prosecute under Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on September 29, 2025.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE