```
        UNITED STATES DISTRICT COURT
       SOUTHERN DISTRICT OF MISSISSIPPI
              WESTERN DIVISION
```

**THIAGO BARBOSA COSTA**                                              **PETITIONER**

**VERSUS**                          **CIVIL ACTION NO. 5:25-cv-60-DCB-LGI**

**TODD M. LYONS, UNITED STATES and**
**CUSTOM ENFORCEMENT DIRECTOR for**
**DENTENTION AND REMOVAL, et al**                                     **RESPONDENTS**

## ORDER

This matter is before the Court on Magistrate Judge LaKeysha Greer Issac's Report and Recommendation ("Report") [ECF No. 11] in which she recommends dismissal of this case without prejudice for "failure to comply with court orders and for failure to prosecute under Fed. R. Civ. P. 41(b)." [ECF No. 11] at 3. The Report was entered *sua sponte* on September 29, 2025, and objections to it were due by October 14, 2025. Id. No objections have been made and the time to do so has now passed.

Upon a comprehensive review of the record and relevant legal authorities, this Court finds that Judge Issac's Report should be adopted in full.

I. Background

This case was transferred to the Southern District of Mississippi on June 17, 2025, from the United States District Court of Massachusetts. [ECF No. 5] at 1. Since then, Counsel has failed

to comply with the requirements for pro hac vice admission in accordance with Local Rule 83.1(d), despite prior notice.

The Court notes that two letters were issued to Attorney Smollett: one on June 17, 2025 and another on July 18 2025, directing him to complete the pro hac vice admission process or otherwise take appropriate action. [ECF No. 8]; [ECF No. 9]. On August 28, 2025, when no response was received, a Show Cause Order was entered by Magistrate Judge Issac requiring the attorney's compliance. To date, counsel has not filed a motion for pro hac vice admission, a motion to withdraw, or any other responsive pleading. On September 9, 2025, Judge Issac entered sua sponte a Report [ECF No. 11] in which she recommends dismissal of this case without prejudice for "failure to comply with court orders and for failure to prosecute under Fed. R. Civ. P. 41(b)." [ECF No. 11] at 3. On the 24th of October, 2025, the Court, before ruling on the Report, entered one final Order to Show Cause ordering that Attorney Andrew Smollett shall show cause in writing within fourteen (14) days of the Order why he has failed to comply with Local Rule 83.1(d) and prior orders from the Court. Petitioner has failed to do so and the time to do so has now passed.

II.   Standard of Review

Where a petitioner has submitted a timely written objection to a Magistrate Judge's report and recommendation, a court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(3); Walker v. Savers, 583 F. App'x 474, 474-75 (5th Cir. 2014). In conducting a de novo review, the district court makes its "own determination based upon the record and unrestrained by the findings and conclusions of the Magistrate." United States v. Wilson, 864 F.2d 1219, 1222 (5th Cir. 1989). However, the Court is not "required to reiterate the findings and conclusions of the Magistrate Judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). Where no timely objection is filed, as well as to those portions of a report and recommendation to which there are no objections, a court is to apply a "clearly erroneous, abuse of discretion and contrary to law standard of review." Wilson, 864 F.2d at 1221 (quotation omitted).

A district court "need not consider frivolous, conclusive, or general objections." Gooding v. Colvin, No. 1:15CV20-LG-RHW, 2016 WL 660932, at *2 (S.D. Miss. Feb. 18, 2016) (citing Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987)). "Moreover, where the objections are repetitive of the arguments already made to the

Magistrate Judge, a de novo review is unwarranted." Id. (citing Koetting, 995 F.2d at 40). "Instead, the report and recommendation is reviewed by the district judge for clear error." Id. (citing Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315-16 (4th Cir. 2005)); see also Hernandez v. Livingston, 495 F. App'x 414, 416 (5th Cir. 2012); Jackson v. Berryhill, No. 1:17CV48-LG-JCG, 2018 WL 4046512, at *1 (S.D. Miss. Aug. 24, 2018); Robertson v. Berryhill, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, at *2 (S.D. Miss. Mar. 15, 2018).

   III. Analysis

Judge Issac's report indicates that she recommends the petition be "dismissed without prejudice for failure to comply with court orders and for failure to prosecute under Fed. R. Civ. P. 41(b)." [ECF No. 11] at 3. Judge Issac clarifies that

> "[t]o achieve the orderly and expeditious disposition of cases, the Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties. The Court has the inherent authority to dismiss an action for failure to comply with any order of the court and for failure to prosecute under Fed. R. Civ. P. 41(b). *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)."

Finding no clear error in the Report and Recommendation and not finding it contrary to law, the Court agrees with and adopts Magistrate Judge Issac's recommendation.

Accordingly,

IT IS HEREBY ORDERED that Judge Issac's Report is ADOPTED as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that Plaintiff's Complaint is hereby dismissed without prejudice.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this the 10th day of December, 2025.

/s/ David C. Bramlette
DAVID C. BRAMLETTE III
UNITED STATES DISTRICT JUDGE